**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4209**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TROYVON DEVONTAE CARROLL,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:19-cr-00493-D-1)

Submitted:  May 19, 2023                          Decided:  May 26, 2023

Before AGEE, THACKER, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Joshua B. Howard, GAMMON, HOWARD & ZESZOTARSKI, PLLC, Raleigh, North Carolina, for Appellant.  G. Norman Acker, III, Acting United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Troyvon Devontae Carroll pled guilty, without a plea agreement, to possession of ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924.[*] The district court imposed a sentence of 78 months' imprisonment. Carroll appeals, arguing that the district court erred at sentencing by applying a cross-reference for attempted murder. *See* U.S. Sentencing Guidelines Manual §§ 2A2.1(a), 2K2.1(c)(1)(A), 2X1.1(a) (2018). Finding no error, we affirm.

Rather than evaluating the merits of Carroll's challenge to the calculation of the Sentencing Guidelines range, "we may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted). Under this inquiry, "a Guidelines error is harmless and does not warrant vacating the defendant's sentence if the record shows that (1) the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence would be reasonable even if the Guidelines issue had been decided in the defendant's favor." *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019) (cleaned up). The claimed error will be deemed harmless only when we are "certain" that these requirements are met. *United States v. Gomez*, 690 F.3d 194, 203 (4th Cir. 2012).

---

[*] Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) convictions; the new penalty provision in 18 U.S.C. § 924(a)(8) sets forth a statutory maximum sentence of 15 years' imprisonment for a § 922(g) offense. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022). The 15-year statutory maximum does not apply in this case, however, because Carroll's offense was committed before the June 25, 2022, amendment to the statute.

In this case, the first part of the inquiry is satisfied "because the district court has expressly stated in a separate and particular explanation that it would have reached the same result" even if it had erred in applying the Guidelines. *Gomez-Jimenez*, 750 F.3d at 383. With respect to the second step of the analysis, we review a sentence for substantive reasonableness by "tak[ing] into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a)." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted). Carroll neither offers any specific challenge to the substantive reasonableness of his sentence nor disputes that any error was harmless.

Here, the district court appropriately balanced Carroll's offense conduct, criminal history, and characteristics with the mitigating factors he presented. The district court further explained that the sentence imposed was necessary to incapacitate Carroll and to provide just punishment and general deterrence. In light of the district court's thorough discussion of the § 3553(a) factors, we conclude that Carroll's sentence is reasonable. Accordingly, even if we were to conclude that the district court made a procedural error in applying the disputed cross-reference—an issue we do not reach—the error was harmless.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3